UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTY ALLEN STEVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-693-RLW ) |
| MICHAEL PARSONS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Dusty Allen Stevens, an incarcerated person at Missouri Eastern Correctional Center, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $17.38. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims on initial review under 28 U.S.C. § 1915(e)(2)(B).

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of his application to proceed in the district court without prepaying fees and costs, plaintiff submitted his certified inmate account statement showing an average monthly deposit of $86.91. The Court will therefore assess an initial partial filing fee of $17.38, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 against several Missouri state officials and prison officials Missouri Eastern Correctional Center ("MECC"), alleging they violated his constitutional rights by threatening him. Named as defendants are Michael Parsons (Governor, Missouri), Anne L. Precythe (Director, Missouri Department of Corrections ("MDOC")); Jeff Norman (Director of Adult Institutions, MDOC), James Hurley (Acting Warden, MECC), Lieutenant Gray (MECC), Sergeant Njoku (MECC), and Officer Law (MECC). Plaintiff sues all defendants in their individual and official capacities.

In his complaint, plaintiff alleges that on April 29, 2020, at around 9:30 a.m., he was in the programs building at MECC waiting to pick up his canteen items. He states defendant Officer Law approached him "trying to get a rise out of me by saying that she was going to make me last to pick up my canteen." When plaintiff did not react, he states Officer Law told him that she was not going to allow him to have his canteen items at all. Plaintiff states that he asked Officer Law

to "please talk to me and treat me like a person, a human being." Then the following interaction occurred:

> Officer Law: You are in prison, and this is not the place for you to be treated like a person.
>
> Plaintiff: I know where this is going. This is not even worth trying to reason with you. I'll just have my people call and report this to central office in Jefferson City, Missouri.
>
> Officer Law: [Threatened to put plaintiff in administrative segregation.]
>
> Plaintiff: Is that a threat?
>
> Officer Law: It is not a threat. I have the handcuffs right here if you would like to try them on.

Officer Law then threatened to give plaintiff a conduct violation for creating a disturbance. A few minutes later, she called plaintiff into the office of the programs building. In the office were Lieutenant Gray, Sergeant Njoku, and another unknown male officer. Lieutenant Gray told plaintiff, "We are not going to lock you up [in administrative segregation.]" But, if you cause anymore grief for me or my staff, I will make sure you disappear so bad that your family will never be able to find you." Plaintiff took this as a threat. Lieutenant Gray said, "Well, we are going to have to lock you up [in your cell] now." After speaking to Sergeant Njoku, Lieutenant Gray told plaintiff that he could retrieve his canteen items and return to his housing unit as long as he promised not to tell his family or file an informal resolution request ("IRR") regarding this incident.

When plaintiff returned to his cell, he called his mother and grandmother and reported these events to them. Plaintiff also reported these events to "Tom in mental health" who met with an Investigator Waters about the issue.

Plaintiff states his First Amendment rights were violated and that he suffered intimidation at the hands of defendants. He seeks release from Missouri state custody and to be place on house arrest under federal jurisdiction; a temporary restraining order against defendants; a declaration that defendants' acts violated his constitutional rights; an injunction ordering defendants to apologize to him and his family in writing; and for defendants to be ordered to attend training so they can communicate more effectively with incarcerated people. Plaintiff also seeks $30,000 in actual damages and $50,000 in punitive damages against each defendant.

## Discussion

Liberally construed, plaintiff's allegations fail to state a claim upon which relief may be granted and will be dismissed on initial review under 28 U.S.C. § 1915(e)(2)(B). "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). In other words, fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). To determine whether a constitutional line has been crossed, a court looks to factors such as "the amount of force that was used in relationship to the need presented, the extent of injury inflicted, and the motives of the state officer." *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). A "threat is redressable under § 1983 if it caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." *Id.*

Plaintiff alleges he had a verbal altercation with Officer Law in the programs building of MECC while he was picking up canteen items. Officer Law threatened plaintiff with delay in retrieving his canteen items and then threatened him with solitary confinement, but did nothing to carry out this threat. After meeting with other prison officials, Officer Law and Lieutenant Gray allowed plaintiff to retrieve his canteen items and return to his cell. The Court cannot find that this interaction caused severe injuries, was grossly disproportionate to the need for action, or was inspired by malice. While Officer Law's interaction with plaintiff could be characterized as "merely careless or unwise excess of zeal," *Turner*, 784 F.3d at 492, it does not rise to the level of an abuse of power that shocks the conscience.

To the extent plaintiff seeks to assert a First Amendment claim based on Officer Law's statement that he should not tell anybody about the threat or file an IRR, the claim also fails. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. If a state elects to provide a grievance procedure, violations of this procedure will not give rise to a § 1983 clam. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983). Moreover, after the verbal altercation with Officer Law, plaintiff immediately called his mother and grandmother and reported the incident. The Court cannot find that plaintiff's First Amendment rights were violated by Officer Law asking plaintiff to promise "not to tell his family."

Finally, plaintiff has not stated any claims against defendants Michael Parsons, Anne L. Precythe, Jeff Norman, and James Hurley. Although plaintiff names these defendants in the caption of his case, he states no allegations against them in the body of his complaint. The incident at issue occurred at MECC, and the Court has no reason to believe defendants Parsons, Precythe,

Norman, or Hurley had any involvement in the incident. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm brought against them). The Court will dismiss these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $17.38 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's complaint brought against defendants Michael Parsons, Ann Precythe, Jeff Norman, James Hurley, Lieutenant Gray, Sergeant Njoku and Officer Law is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of August, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE